IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON S.,[1]

Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 1:25-cv-01267-AP

**OPINION AND ORDER**

POTTER, United States Magistrate Judge:

Plaintiff Jason S. brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for supplemental security income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g).

Plaintiff alleges that the Administrative Law Judge (ALJ) erred by failing to identify a significant number of jobs that Plaintiff could perform. Pl.'s Br. 4-6, ECF No. 10. Plaintiff also argues that not all the jobs identified can be performed by an individual with his residual functional capacity. Pl.'s Br. 6-8. For the reasons outlined below, the Commissioner's decision is REVERSED and REMANDED.

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for SSI on November 20, 2021, alleging disability since June 15, 2010. Tr. 121. The claim was denied initially and upon reconsideration. Tr. 129, 139. Plaintiff requested a hearing before an ALJ and appeared before the Honorable Joseph Brinkley on May 28, 2024. Tr. 70-102. In a written decision dated July 5, 2024, ALJ Brinkley determined that Plaintiff was not disabled under the Social Security Act. Tr. 15-34. Plaintiff sought review from the Appeals Council; the Appeals Council declined review. Tr. 1. He then filed this action for judicial review.

Plaintiff is currently 41 years old. *See* Tr. 120. Plaintiff alleges disability due to depression, anxiety, hearing voices, and left hip pain. Tr. 121. Plaintiff graduated from high school and has no relevant previous work experience. Tr. 32.

## STANDARD OF REVIEW

When reviewing the decision of the ALJ, district courts view questions of law de novo. *Obrien v. Bisignano*, 142 F.4th 687, 693 (9th Cir. 2025). But when there is no legal error, the denial of benefits will only be overturned if the ALJ's decision "is not supported by substantial evidence." *Id.* (internal quotation and citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation omitted). This is not a high bar; substantial evidence is relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). The court may not substitute its judgment for that of the ALJ when the evidence could

support either affirming or reversing the ALJ's decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

**DISCUSSION**

A person is disabled when they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). When determining if someone seeking benefits is disabled, the ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). If at any point in the five-step process the ALJ determines that the person is or is not disabled, the process stops. *Id.*; *see also Woods v. Kijakazi*, 32 F.4th 785, 787 n.1 (9th Cir. 2022).

The first step looks at whether the claimant is doing "substantial gainful [work] activity;" if they are, they are not disabled. 20 C.F.R. § 404.1520(a)(4)(i). The second step focuses on the claimant's physical or medical impairment; a claimant is not disabled unless they can show a severe impairment that lasts at least a year or is expected to result in death. 20 C.F.R. § 404.1520(a)(4)(ii). At the third step, the ALJ asks whether the severity of the impairment meets or equals one of the impairments listed by the Commissioner of Social Security. *Id.* § 404.1520(a)(4)(iii). If the impairment is equivalent to one of the listed impairments, the claimant is presumptively disabled. *Id.* If not, the ALJ proceeds to the fourth step. *Id.* § 404.1520(a)(4)(iv). Prior to proceeding to steps four and five, the ALJ must determine the residual function capacity. *Id.* § 404.1520(e). This analysis determines what a claimant can do on a sustained basis despite their limitations. *Id.* §§ 404.1520(a)(4), 416.920(a)(4). Then, the fourth

step requires an analysis of the claimant's part work and residual functioning; if the claimant can still do their past relevant work, they are not disabled. *Id.* § 404.1520(a)(4)(iv). At the fifth step, the question is whether given the claimant's present abilities, there is another type of job they can do; if the claimant can do another job, they are not disabled. *Id.* § 404.1520(a)(4)(v).

Plaintiff does not dispute any of the ALJ's findings at steps one through four and finds no error in how the ALJ addressed any of the evidence in the record. Instead, Plaintiff argues that Defendant failed to meet their step five burden of identifying a significant number of jobs that Plaintiff can perform with his limitations. Plaintiff also argues that even those jobs that the ALJ identified are inconsistent with his RFC.

**I. Significant Number of Jobs in the Economy**

At step five, the ALJ determines if there is work that the Plaintiff can do. "Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications." 20 C.F.R. § 416.966(b). If the ALJ cannot identify a significant number of jobs that Plaintiff can perform, then the Plaintiff is disabled. *Id.* The Commissioner bears the burden of proof at this step. 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

Here, the ALJ identified three jobs that Plaintiff could perform with his RFC: document preparer (14,000 jobs), ticket checker (8,500 jobs), and touch up screener, circuit board (1,200 jobs). Tr. 33. Plaintiff argues that 23,700 jobs is not a significant number in the national economy. Pl.'s Br. 4-6. Plaintiff relies on Ninth Circuit precedent calling 25,000 nationwide jobs "a close call." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014). In *Gutierrez*,

the Ninth Circuit compared previous cases finding that 64,000 nationwide jobs is significant and that 1,680 nationwide jobs is not significant. *Id.* The court also noted that another circuit had found that 10,000 nationwide jobs is significant. *Id.* (citing *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997). The *Gutierrez* court then held that 25,000 nationwide jobs is significant. *Id.*

Plaintiff reasons that because the national population has increased, although 25,000 jobs was "a close call" in 2014, 23,700 was "no such close call in 2024", when the ALJ issued his decision. Pl.'s Br. 5. Courts in this District have found as few as 17,046 jobs to be significant. *Julie H. v. Comm'r, Soc. Sec. Admin.*, No. 6:17-CV-1490-AC, 2018 WL 7254706, at *5 (D. Or. Nov. 14, 2018), *report and recommendation adopted sub nom. Julie H. v. Berryhill*, No. 6:17-CV-1490-AC, 2019 WL 260852 (D. Or. Jan. 18, 2019); *see also Stephanie O. v. Berryhill*, No. 3:18-CV-0113-MC, 2019 WL 2713234, at *7 (D. Or. June 28, 2019) (relying on the reasoning in *Julie H.* to find 17,408 jobs significant). However, other courts have come to the opposite conclusion. *See, e.g., Tara C. v. Comm'r Soc. Sec. Admin.*, No. 6:19-CV-00147-YY, 2020 WL 886297, at *5 (D. Or. Feb. 24, 2020) (finding that "On this record, it is unclear whether 21,002 jobs is 'significant' within the meaning of the Act." and noting that other courts have found fewer than 25,000 jobs significant when considered alongside regional numbers). Like in *Tara C.*, it is unclear here if 23,700 jobs is significant.

## II. Jobs Identified by the ALJ

Plaintiff also argues that the ALJ erred by identifying jobs that conflicted with Plaintiff's RFC. Pl.'s Br. 6-8.

The ALJ found that Plaintiff "has the residual functional capacity to perform sedentary work" with some additional limitations. Tr. 19. Relevant here, the ALJ found that Plaintiff "is

capable of performing short, simple, routine, repetitive tasks in two-hour intervals (SVP 2)." Tr. 19. Relying on vocational expert testimony, the ALJ then identified representative occupations that Plaintiff could perform: document preparer, DOT #249.587-018 (14,000 jobs in the national economy); ticket checker, DOT #219.587-0101 (8,500 jobs in the national economy); and touch up screener, circuit board, DOT #726.684-110 (1,200 jobs in the national economy). Tr. 33. "These jobs are performed at the sedentary level and have an SVP of 2 (unskilled)." Tr. 33.

Both Ticket Checker and Document Preparer require reasoning level 3. Dictionary of Occupational Titles, 4th Ed. 1991. Plaintiff argues that this conflicts with the ALJ's RFC finding that limits Plaintiff to "short, simple, routine, repetitive tasks." Pl.'s Br. 6 (citing Tr. 19).

Jobs with a reasoning level of 3 require a worker to "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." Dictionary of Occupational Titles, Appendix C, 4th Ed. 1991. The Ninth Circuit has held that "there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning." *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015).

Defendant argues that any failure here is harmless. Def.'s Br. 5-6, ECF No. 12. To bolster this argument, Defendant points out that although under SSR 00-4p the ALJ was required to resolve any apparent conflicts between vocational expert testimony and the DOT, SSR 00-4p has been replaced with SSR 24-3p which no longer requires that. Def.'s Br. 5. Therefore, Defendant reasons, the ALJ would not be required to resolve this conflict upon remand.

The Court is not convinced. If Plaintiff could not actually perform these two jobs, as the apparent conflict suggests, then the ALJ only identified 1,200 jobs in the national economy that Plaintiff could perform. 1,200 jobs in the national economy is unequivocally not significant.

Here, where the ALJ only identified 23,700 jobs and there is an apparent conflict between the vast majority of those jobs and Plaintiff's RFC, the Court finds that Defendant did not meet their step five burden of identifying a significant number of jobs that Plaintiff could perform.

**III. Remedy**

Plaintiff asks that the case be remanded for the sole purpose of making new step five findings. Pl.'s Br. 9-10.

Because the ALJ erred, this Court may "affirm[], modify[], or revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405. Plaintiff argues that because he only challenged the ALJ's step five findings, the remand should be limited to new step five findings. Pl.'s Br. 9-10.

In support, Plaintiff cites to *Brown v. Kijakazi*, 11 F.4th 1008 (9th Cir. 2021). In *Brown*, the court reviewed the ALJ's partially favorable decision that found the plaintiff disabled as of Aril 25, 2018, but not prior to that date as the plaintiff had argued. *Id.* at 1009. The Ninth Circuit reasoned that because only a claimant "can file an action under § 205(g), the relief requested in any such complaint will necessarily be limited to only those aspects of the case that are unfavorable to the claimant." *Id.* at 1010.

Here, however, the ALJ's decision was entirely unfavorable; Plaintiff was found not disabled. This case is remanded for further proceedings, but the Court declines to limit the remand to only new step five findings. *Accord Velazquez v. Bisignano*, No. 24-3034, 2025 WL

2437493, at *1 (9th Cir. Aug. 25, 2025) ("Velazquez was not awarded benefits for any period of his claimed disability. Although he may consider certain aspects of the ALJ's decision to be 'favorable,' such as distinct findings made as part of the ALJ's five-step sequential evaluation process, Velazquez did not prevail on any part of his request for benefits.").

**CONCLUSION**

The Commissioner's decision is REVERSED and REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 14th day of September, 2026.

/s/Amy E. Potter
Amy E. Potter
United States Magistrate Judge